# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RICKEY BENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civ. No. 2:25-cv-02627-SHM-tmp |
| ) | |
| DIRECTOR ANTHONY ALEXANDER, ) | |
| ET AL. ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING COMPLAINT (ECF NO. 1) PURSUANT TO
28 U.S.C. § 1915(g); DENYING PENDING MOTIONS (ECF NOS. 3, 4 & 5) AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS***

On June 18, 2025, Rickey Benson, who is a three-strike filer under § 1915(g) of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, et seq. (the "PLRA"), filed a *pro se* civil complaint under 42 U.S.C. §1983 (ECF No. 1), a motion for leave to proceed in forma pauperis (ECF No. 2), a motion to enjoin crossclaim (ECF No. 3), a second motion to enjoin crossclaim (ECF No. 4), and a third motion to enjoin crossclaim (ECF No. 5). When Benson filed the complaint, he was incarcerated at the Shelby County Division of Corrections (the "SCDC"), in Memphis, Tennessee. (ECF No. 1-1 at PageID 3.)

Before the Court are the complaint (ECF No. 1), the motion for leave to proceed *in forma pauperis*, and the three motions to enjoin crossclaim (the "Pending Motions", ECF Nos. 3, 4 & 5). For the reasons explained below, the complaint (ECF No. 1) is **DISMISSED**, the Pending Motions are **DENIED AS MOOT**, and leave to proceed *in forma pauperis* is **DENIED**.

I.  **LEGAL STANDARD**

Under the PLRA, a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs"), partially overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"Such a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998). To satisfy the imminent danger exception, a prisoner must allege that a threat or prison condition is "real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted).

## II.  ANALYSIS

Benson has filed at least three previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous.[1]  Benson may not file any further action in which he proceeds *in forma pauperis* unless he first demonstrates that he is in imminent danger of serious physical injury.  *See, e.g., Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (requiring allegations that "describe with sufficient detail why the prisoner is in imminent danger").

The assessment of whether a prisoner is in imminent danger is made at the time the complaint is filed.  *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner*, 290 F. App'x at 797-98.

In the complaint, Benson alleges that on May 23, 2025, he filed grievances because he had not been given his earbuds and had not received money that he was expecting.  (ECF No. 1 at PageID 1).  Benson alleges he filed an emergency grievance on June 1, 2025, because he alleges Defendants "lost, destroyed or confiscated" his mail.  (*Id.* at PageID 1.)

In Benson's first motion to enjoin crossclaim, he alleges Defendants have "conspired and retaliated" against him for filing lawsuits and have subjected Benson to "mental and emotional distress and pain and suffering" by withdrawing funds from his trust account.  (ECF No. 3 at

---

[1] See *Benson v. Luttrell, et al.*, No. 08-2825-JPM-dkv (W.D. Tenn. Jan. 9, 2009) (dismissed for failure to state a claim), *aff'd*, No. 09-5145 (6th Cir. Nov. 4, 2009); *Benson v. Luttrell, et al.*, No. 07-2790-SHM (W.D. Tenn. Sept. 11, 2008) (dismissed for failure to state a claim), appeal dismissed, No. 08-6277 (6th Cir. July 20, 2009), *cert. denied*, 130 S. Ct. 411 (2009); and *Benson v. Luttrell, et al.*, No. 04-2507-JPM-tmp (W.D. Tenn. Oct. 26, 2004) (dismissed for failure to state a claim; *see also Benson v. Fields*, No. 22-2413-SHM-tmp (W.D. Tenn. Feb. 17, 2023) (after Benson's appeal to the United States Court of Appeals for the Sixth Circuit was dismissed for failure to pay the filing fee, the District Court dismissed Benson's § 1983 case with prejudice for failure to pay the District Court's filing fee); *Benson v. Fields*, No. 22-2449-SHM-tmp (W.D. Tenn. Mar. 1, 2023) (dismissing case with prejudice pursuant to 28 U.S.C. § 1915(g), notifying Benson of the Court's strike recommendation, and entering judgment).

PageID 10.) In Benson's second motion to enjoin crossclaim, he alleges Defendants "lost, destroyed or confiscated" his mail to the Department of the Treasury. (ECF No. 4 at PageID 12.) In Benson's third motion to enjoin crossclaim, he alleges that he filed a medical grievance on June 5, 2025, because he is "refus[ing] to be seen by medical because medical is not respecting [his] request for outside medical care" and that he is refusing to take his medication because he is being "mistreated by the medical staff and the prison officials[.]" (ECF No. 5 at PageID 13.) Benson alleges that he filed an emergency grievance on June 8, 2025, because Officer McKinnie "deprived [Benson] of [his] peanut butter set up" and threatened him. (*Id.*)

Benson's allegations in the complaint and Pending Motions do not rise to the level of imminent danger of serious physical injury within the meaning of § 1915(g). Benson alleges no facts from which to plausibly infer that he was in imminent danger of serious physical injury at the time he filed the complaint. (ECF Nos. 1, 3, 4 & 5 at PageID 1-2, 11-14.) Benson's allegations (*see* ECF Nos. 1, 3, 4 & 5 at PageID 1-2, 11-14) are insufficient for the purpose of § 1915(g). *See Vandiver,* 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 797-798).

The Court finds that Benson does not allege facts demonstrating that, when he filed the complaint (ECF No. 1) on June 18, 2025, he was in imminent danger of serious physical injury.

### III. CONCLUSION

For the reasons explained above:

A. Benson's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. 1915(g);

B. Benson's Pending Motions (ECF Nos. 3, 4 & 5) are **DENIED AS MOOT**;

C. Leave to proceed *in forma pauperis* is **DENIED**;

D. The Court will re-open this case on a motion that (1) shall be filed by Benson WITHIN TWENTY-EIGHT (28) DAYS and (2) is accompanied by the FOUR HUNDRED AND

4

FIVE DOLLAR ($405.00) CIVIL FILING FEE.  If Benson fails to timely comply, this case will be dismissed with prejudice and judgment entered without further notice; and

E.  Benson is **ORDERED** to notify the Court immediately, in writing, of his current address if he is transferred or released.  If Benson fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

**IT IS SO ORDERED** this  26th  day of June, 2025.

                                           /s/ *Samuel H. Mays, Jr.*
                                           SAMUEL H. MAYS, JR.
                                           UNITED STATES DISTRICT JUDGE